Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

MICHAEL SCOOT JIMENEZ, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

FRIENDS AND FAMILY DELI CORP, NEW STAR DELI INC., and ONE STAR DELI INC., and SARHAN ALMANSOORI, as an individual,

Defendants.

---------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, **MICHAEL SCOOT JIMENEZ**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, brings this action against **FRIENDS AND FAMILY DELI CORP, NEW STAR DELI INC., and ONE STAR DELI INC., and SARHAN ALMANSOORI as an individual,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **FRIENDS AND FAMILY DELI CORP, NEW STAR DELI INC., and ONE STAR DELI INC.**, located at 59 W 170th Street, Bronx, New York 10452.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks

interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiff*

7. Plaintiff **MICHAEL SCOOT JIMENEZ** residing in Richmond Hill, New York, was employed by Defendants as a store assistant at FRIENDS AND FAMILY DELI CORP, NEW STAR DELI INC., and ONE STAR DELI INC. from in or around May 2023 until in or around July 2026.

### *The Corporate Defendant*

### FRIENDS AND FAMILY DELI CORP

8. Upon information and belief, Defendant FRIENDS AND FAMILY DELI CORP is a domestic business corporation, organized under the laws of the State of New York with a service of process address at 318 East 149th Street, Bronx, New York 10451.

9. Upon information and belief, Defendant FRIENDS AND FAMILY DELI CORP is a domestic business corporation, organized under the laws of New York with a principal executive office located at 59 W 170th Street, Bronx, New York 10452.

10. At all relevant times hereto, Defendant FRIENDS AND FAMILY DELI CORP through its agents, officers, managers and supervisors, maintained direct control,

oversight, and direct supervision over its employees including Plaintiff in the performance of his duties, which among others include scheduling of work and payment of wages.

11. Accordingly, at all relevant times hereto, Defendant FRIENDS AND FAMILY DELI CORP was Plaintiff's employer within the meaning and the intent of the FLSA and the NYLL.

**NEW STAR DELI INC.**

12. Upon information and belief, Defendant NEW STAR DELI INC. is a domestic business corporation, organized under the laws of the State of New York with a service of process and principal executive office address at 59 W 170th Street, Bronx, New York 10452.

13. At all relevant times hereto, Defendant NEW STAR DELI INC. through its agents, officers, managers and supervisors, maintained direct control, oversight, and direct supervision over its employees including Plaintiff in the performance of his duties, which among others include scheduling of work and payment of wages.

14. Accordingly, at all relevant times hereto, Defendant NEW STAR DELI INC. was Plaintiff's employer within the meaning and the intent of the FLSA and the NYLL.

**ONE STAR DELI INC.**

15. Upon information and belief, Defendant ONE STAR DELI INC. is a domestic business corporation, organized under the laws of the State of New York with a service of process and principal executive office address at 59 W 170th Street, Bronx, New York 10452.

16. At all relevant times hereto, Defendant ONE STAR DELI INC. through its agents, officers, managers and supervisors, maintained direct control, oversight, and direct supervision over its employees including Plaintiff in the performance of his duties, which among others include scheduling of work and payment of wages.

17. Accordingly, at all relevant times hereto, Defendant ONE STAR DELI INC.was Plaintiff's employer within the meaning and the intent of the FLSA and the NYLL.

**Joint Enterprise(s) of the Corporate Defendants**

18. At all times relevant to this action, Corporate Defendants were Plaintiffs' employers as defined by NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiff.

19. During all relevant times hereto, Corporate Defendants acted as a single employer in general and a joint employer with respect to Plaintiff.

20. During all relevant times hereto, Corporate Defendants treated and/or held out the Plaintiff as employee of FRIENDS AND FAMILY DELI CORP, NEW STAR DELI INC., and ONE STAR DELI INC.

21. During all relevant times hereto, Plaintiff performed work at Corporate Defendants' job sites and on Corporate Defendants' project, for the benefit of all Corporate Defendants.

22. Upon information and belief, Plaintiff understood herself as being an employee of FRIENDS AND FAMILY DELI CORP, NEW STAR DELI INC., and ONE STAR DELI INC.

23. Corporate Defendants' entities employed the same employees and/or benefited jointly from the work performed by the same employees, including Plaintiff, performed the same type of work on/at the same job site, and were jointly responsible for supervising the work performed by the same employees, including Plaintiff, at this job site.

24. Defendants were jointly responsible for issuing Plaintiff her wages and setting Plaintiff's work schedules and hours.

25. Defendants were jointly responsible for hiring Plaintiff, setting the rates of pay for Plaintiff, and paying Plaintiff her wages.

26. Defendants were jointly responsible for maintaining all of their employment records.

27. The Corporate Defendant entities sued herein functioned as a single integrated enterprise during Plaintiff's employment by Defendants.

28. Accordingly, at all relevant times hereto, Defendants FRIENDS AND FAMILY DELI CORP, NEW STAR DELI INC., and ONE STAR DELI INC. were Plaintiff's employers within the meaning and the intent of the FLSA, and the NYLL.

29. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are an enterprise engaged in interstate commerce within the

meaning of the FLSA in that FRIENDS AND FAMILY DELI CORP, NEW STAR DELI INC., and ONE STAR DELI INC. (i) have purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) have had annual gross volume of sales of not less than $500,000.00.

***Individual Defendants***

**SARHAN ALMANSOORI**

30. Upon information and belief, at all relevant times hereto, Defendant SARHAN ALMANSOORI, owns, manages and operates FRIENDS AND FAMILY DELI CORP, NEW STAR DELI INC., and ONE STAR DELI INC.

31. Upon information and belief, Defendant SARHAN ALMANSOORI is an agent of FRIENDS AND FAMILY DELI CORP, NEW STAR DELI INC., and ONE STAR DELI INC.

32. At all relevant times hereto, Defendant SARHAN ALMANSOORI is responsible for overseeing the daily operations of FRIENDS AND FAMILY DELI CORP, NEW STAR DELI INC., and ONE STAR DELI INC.

33. At all relevant times hereto, Defendant SARHAN ALMANSOORI has power and authority over all the final personnel decisions at FRIENDS AND FAMILY DELI CORP, NEW STAR DELI INC., and ONE STAR DELI INC.

34. At all relevant times hereto, Defendant SARHAN ALMANSOORI has power and authority over all final payroll decisions of FRIENDS AND FAMILY DELI CORP, NEW STAR DELI INC., and ONE STAR DELI INC., including the Plaintiff.

35. At all relevant times hereto, Defendant SARHAN ALMANSOORI has the exclusive final power to hire the employees of FRIENDS AND FAMILY DELI CORP, NEW STAR DELI INC., and ONE STAR DELI INC., including the Plaintiff.

36. At all relevant times hereto, Defendant SARHAN ALMANSOORI has exclusive final power over the firing and terminating of the employees of FRIENDS AND FAMILY

DELI CORP, NEW STAR DELI INC., and ONE STAR DELI INC., including the Plaintiff.

37. At all relevant times hereto, Defendant SARHAN ALMANSOORI was responsible for determining, establishing, and paying the wages of all employees of FRIENDS AND FAMILY DELI CORP, NEW STAR DELI INC., and ONE STAR DELI INC., including the Plaintiff, setting his work schedules, and maintaining all his employment records of the business.

38. Accordingly, at all relevant times hereto, Defendant SARHAN ALMANSOORI was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

## **FACTUAL ALLEGATIONS**

39. Plaintiff MICHAEL SCOOT JIMENEZ was employed by Defendants as a store assistant, stocker, and cleaner while performing related miscellaneous duties for the Defendants from in or around May 2023 until in or around July 2026.

40. Plaintiff MICHAEL SCOOT JIMENEZ regularly worked approximately six (6) days per week from in or around May 2023 until in or around July 2026.

41. Plaintiff MICHAEL SCOOT JIMENEZ regularly worked approximately ten (10) hours per day for five (5) days per week, and approximately twelve (12) hours per day for one (1) day per week, from in or around May 2023 until in or around July 2026.

42. Thus, Plaintiff was regularly required to work approximately sixty-two (62) hours per week from in or around May 2023 until in or around July 2026.

43. Plaintiff MICHAEL SCOOT JIMENEZ was paid by Defendants a flat weekly rate of approximately $600.00 per week from in or around May 2023 until in or around April 2025; and approximately $700.00 per week from in or around May 2025 until in or around July 2026.

44. Plaintiff was primarily paid in cash.

45. Although Plaintiff worked approximately sixty-two (62) hours per week from in or around May 2023 until in or around July 2026, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

46. Additionally, from in or around May 2023 until in or around July 2026, Plaintiff MICHAEL SCOOT JIMENEZ worked in excess of ten (10) or more hours per day approximately one (1) day per week, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

47. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

48. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

49. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

50. Moreover, upon information and belief, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

51. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

52. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

54. Collective Class: All persons who are or have been employed by the Defendants as store assistants, stockers or cleaners or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

55. Upon information and belief, Defendants employed approximately 15 or more employees within the past three years subjected to similar payment structures.

56. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

57. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work without appropriate overtime and wage compensation.

58. Defendants' unlawful conduct has been widespread, repeated, and consistent.

59. Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay and wages.

60. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

61. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and their wages in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

62. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

63. The claims of Plaintiff are typical of the claims of the putative class.

64. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

65. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

66. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

68. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

69. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

70. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

71. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

72. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

**Overtime Wages Under New York Labor Law**

73. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

74. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

75. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

76. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

**Spread of Hours Compensation Under New York Labor Law**

77. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

78. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.

79. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread of hours compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## FOURTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

80. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

81. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

82. Defendants are liable to Plaintiff in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

83. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

84. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3).

85. Defendants are liable to Plaintiff in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff's unpaid overtime wages;
c. Awarding Plaintiff's unpaid spread of hours compensation;
d. Awarding Plaintiff's liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
e. Awarding Plaintiff prejudgment and post-judgment interest;
f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and
g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: November 16, 2026
Kew Gardens, NY

Roman Avshalumov

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL SCOOT JIMENEZ, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

FRIENDS AND FAMILY DELI CORP, NEW STAR DELI INC., and ONE STAR DELI INC., and SARHAN ALMANSOORI, as an individual,

Defendants.

**COLLECTIVE ACTION COMPLAINT**

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

To: *via Secretary of State:*

**FRIENDS AND FAMILY DELI CORP (DOS ID: 5287288)**
318 EAST 149TH STREET, BRONX, NY, 10451

**NEW STAR DELI INC. (DOS ID: 6565191)**
59 W 170th St, Bronx, New York 10452

**ONE STAR DELI INC. (DOS ID: 7829439)**
59 W 170th St, Bronx, New York 10452

*Via personal service:*

**FRIENDS AND FAMILY DELI CORP**
59 W 170th St, Bronx, New York 10452

**NEW STAR DELI INC.**
59 W 170th St, Bronx, New York 10452

**ONE STAR DELI INC.**
59 W 170th St, Bronx, New York 10452

**SARHAN ALMANSOORI**
59 W 170th St, Bronx, New York 10452